IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NINA M. LEUCK,                                  Civ. No. 12-00569-AA

            Plaintiff,                          OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.

---

John E. Haapala
410 E. 10th Avenue, Suite 240
Eugene, OR 97401

Drew L. Johnson
1700 Valley River Dr.
Eugene, OR 97401
    Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR   97204-2902

Nancy A. Mishalanie
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA   98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the defendant Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On April 18, 2008, plaintiff Nina M. Leuck filed for Disability Insurance Benefits ("DIB"). Tr. 108. Plaintiff alleged disability beginning on July 31, 2005, and she was last insured for DIB on June 20, 2009. Tr. 11, 135. Plaintiff's application was denied on October 6, 2008 and again after a petition for reconsideration on March 23, 2009. Tr. 66, 74. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which occurred on August 26, 2010 in Eugene, Oregon. Tr. 28. The ALJ ultimately found plaintiff not disabled within the meaning of the Social Security Act. Tr. 19. Plaintiff was denied review by the Social Security Administration's Appeals Council on January 31, 2012, rendering the ALJ's decision the final decision of the agency. Tr. 3-4.

Plaintiff, born on December 20, 1959, was fifty years old and held a Master's Degree in Special Education when the ALJ issued his opinion. Tr. 25, 30. Plaintiff alleges disability since July 31,

2 - OPINION AND ORDER

2005, due to physical and mental limitations attributable to numerous ailments. Tr. 135.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's decision "'will be disturbed only if it is not supported by substantial evidence or it is based on legal error.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (quoting Brawner v. Sec'y of Health & Human Services, 839 F.2d 432, 433 (9th Cir. 1987)). Harmless error does not require reversal. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991)).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Barnhart, 400 F.3d at 679. While questions of credibility and

3 - OPINION AND ORDER

resolutions of conflicts in the testimony are functions solely of
the Commissioner, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d
595, 601 (9th Cir. 1999), any negative credibility findings must be
supported by findings on the record and supported by substantial
evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d
735, 738 (9th Cir. 1991).

## COMMISSIONER'S DECISION

Plaintiff alleged disability pursuant to Title II of the Act
and was therefore required to demonstrate that her alleged
disability began prior to her date last insured ("DLI"), June 30,
2009. Tr. 13. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d
1453, 1460-1465 (9th Cir. 1995). Thus, to be eligible for DIB
benefits, plaintiff must establish that she became disabled at some
point during the period between her alleged onset date of July 31,
2005, and her DLI of June 30, 2009.

The initial burden of proof rests upon the claimant to
establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th
Cir. 1986). Thus, a claimant must demonstrate "inability to engage
in any substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected.
. . to last for a continuous period of not less than 12 months." 42
U.S.C. § 423(d)(1)(A).

A five-step analysis is employed to determine disability.
Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

4 - OPINION AND ORDER

The claimant bears the burden of proof at the first four steps, with the Commissioner bearing a burden of production at step five. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

In step one, the ALJ determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). Here, the ALJ found plaintiff was not engaged in substantial gainful activity since her alleged onset date. Tr. 13.

Step two entails the ALJ determining whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). The ALJ found that plaintiff suffered from the following severe impairments: "major depressive disorder, recurrent, and panic disorder[.]" Tr. 13; see also 20 CFR § 404.1520(c). The ALJ also found plaintiff's diagnosed irritable bowel syndrome ("IBS") and asthma constituted "non-severe" impairments. Tr. 13.

At step three, the ALJ determines whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges is so severe as to preclude gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. § 404.1520(d). The ALJ found that the claimant's impairments did not meet or equal listed impairments so as to preclude her from engaging in any gainful activity. Tr. 13.

At step four, the ALJ determines whether the claimant can

5 - OPINION AND ORDER

still perform past relevant work ("PRW"), and if so, the ALJ makes a finding that the claimant is not disabled. 20 C.F.R. § 404.1520(e). The key issue at this step is determining the claimant's "residual functional capacity" ("RFC"), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting. Social Security Regulation (SSR) 96-8p. In this case, the ALJ found that "claimant's past relevant work exceeds the residual functional capacity. I accept that testimony in accordance with SSR 00-4p and find that the claimant is unable to perform past relevant work." Tr. 18.

In step five, the Commissioner carries the burden of establishing that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 404.1566, 416.966. Here, partially relying on the testimony of a vocational expert ("VE"), the ALJ found the plaintiff could perform certain jobs available in the national economy, including working as a cashier, mail clerk, or office assistant. Tr. 19.

### DISCUSSION

Plaintiff asserts that the ALJ's RFC finding was inaccurate. She argues specifically that the ALJ improperly discounted her asthma and IBS as non-severe impairments, improperly rejected her testimony, ignored substantial medical evidence, improperly rejected the medical opinion of Dr. Arthur Willey, and failed to

6 - OPINION AND ORDER

properly consider the medical opinion of Dr. Alison Prescott.

Based on these alleged mistakes, plaintiff claims the ALJ committed further error at Step Five by posing a hypothetical to the VE based on an improper assessment of plaintiff's RFC. Thus, plaintiff argues that the ALJ's final decision was not supported by substantial evidence and requests this Court reverse the Commissioner's final order and find her disabled. Alternatively, plaintiff requests that the Court remand the Commissioner's final decision for further proceedings.

## 1. Severity of Plaintiff's Physical Impairments

Plaintiff alleges that the ALJ acted improperly by classifying plaintiff's IBS and asthma as "non-severe." Tr. 13-14. Plaintiff claims she established the existence of her severe impairments through "medical evidence from acceptable medical sources." Pl's. Br. at 7.

A plaintiff bears the burden of proving that any impairment or combination of impairments is severe. 20 C.F.R. §§ 404.1505(a), 404.1520(a)(4)(ii). A "severe" impairment must significantly limit a person's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment can be deemed non-severe if it has "no more than a minimal effect on the ability to do basic work activities." 20 C.F.R. § 404.1521(a); SSR 96-3p.

I find that the record supports the ALJ's classification of plaintiff's IBS and asthma as non-severe impairments. The record

7 - OPINION AND ORDER

reflects no evidentiary support that her IBS or her asthma limited her ability to do basic work activity or "significantly limited" her ability to do so. Plaintiff's assertion that she "established the existence of physical impairment of severe abdominal pain through acceptable medical evidence, which...caused more than a minimal effect on [plaintiff's] ability to do basic work activities" is not supported by the record. Pl's. Br. at 5.

The evidence in the administrative record establishes that plaintiff was diagnosed with asthma and irritable bowel syndrome. Tr. 241. However, there is no medical evidence in the record suggesting that her IBS or asthma caused any work-related difficulty. Dr. Graeme Tolson initially diagnosed plaintiff with IBS, though none of his reports and notes in the record suggest that plaintiff suffered severe symptoms. Tr. 241-45. Describing plaintiff's IBS-related abdominal pain as "episodic," Dr. Tolson's reports consistently list plaintiff's IBS as "stable" and "normal" while indicating that her condition improved with consistent treatment. Id.

Further, contrary to plaintiff's assertion, the medical records from the Center for Women's Health ("CWH") yield no relevant information about either the plaintiff's IBS or asthma. Plaintiff's reference treatment of pelvic scarring, vulvur dermatosis, and lichen sclerosis are not relevant to her IBS or her asthma, and none of the CWH records make reference to her IBS or

8 - OPINION AND ORDER

the severity of her symptoms. Tr. 285-306.

Plaintiff also relies on treatment by Dr. Howard Stein at the Junction City Medical Clinic. The only explicit mention of IBS in Dr. Stein's reports comes in a section describing her medical history which does not elucidate the circumstances of this condition beyond identifying it. Tr. 331.

Further, Dr. Stein mentions that plaintiff reported "No bowel or bladder incontinence...no abdominal pain" on October 25, 2006, and reported gastrointestinal complaints on November 17, 2006. Tr. 336. Another report dated April 10, 2006 details plaintiff's complaints of a week-long stomach illness which Dr. Stein attributed to a virus, not her IBS. Tr. 339. These are Dr. Stein's only mentions of plaintiff's IBS or IBS-related symptoms; nowhere does he comment on the severity of the symptoms or make any statements giving rise to an inference that IBS or asthma prevented plaintiff from engaging in any activities, work-related or otherwise.

According to plaintiff, Dr. Alison Prescott, a psychologist called by the ALJ to evaluate the plaintiff, assessed "that IBS would contribute to Ms. Leuck missing several days of work per week" and "that plaintiff would be unable to attend work on a consistent basis, due to a combination of mental and physical impairments." Pl's. Br. 13-14; Tr. 308-10.

However, Dr. Prescott did not opine that IBS or asthma was

9 - OPINION AND ORDER

causing plaintiff to miss work; she wrote in her evaluation that plaintiff reported that information to her. Tr. 308, 310. These portions of Dr. Prescott's psychological evaluation do not constitute her opinion; rather, they merely reflect the doctor's recording of plaintiff's own statements. In sum, Dr. Prescott did not render an opinion on the severity of plaintiff's asthma or IBS or corroborate plaintiff's claims of disability based on these conditions. Id.

Thus, the medical record, particularly Dr. Stein's observation that her IBS was "stable" and responsive to treatment, provides substantial evidence to support the ALJ's finding. Accordingly, the ALJ did not ignore substantial medical evidence when he determined plaintiff's IBS and asthma were "non-severe" impairments.

## 2. Rejection of Plaintiff's Testimony

Plaintiff argues the ALJ committed error by finding plaintiff not credible and rejecting her testimony as to the severity of her impairments supporting her claim of being disabled. Plaintiff alleges the ALJ failed to provide "clear and convincing" evidence to support rejecting her testimony.

Identifying whether testimony is credible, along with resolving conflicts in the testimony and record, is solely the function of the ALJ. Morgan, 169 F.3d at 599. Properly establishing credibility is a two-step process. First, the ALJ must determine if there is "'objective medical evidence of an

10 - OPINION AND ORDER

underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Ligenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)).   If the claimant presents such evidence, the ALJ must then articulate "'specific, clear and convincing reasons'" supporting his or her decision to reject the claimant's testimony regarding the severity of the alleged symptoms. Id.

In making a credibility finding, the ALJ may take into account "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Ligenfelter, 504 F.3d at 1036. Additionally, an ALJ may consider a claimant's testimony regarding their own daily activities "indicating capacities that are transferable to a work setting." Morgan, 169 F.3d at 600.

Here, the record established that plaintiff was diagnosed with physical and mental conditions which could feasibly give rise to her alleged symptoms. Thus, the ALJ was required to articulate specific, clear, and convincing reasons to reject plaintiff's testimony. In his opinion, the ALJ explained that evidence of plaintiff's daily activities strongly contradicted her claims of episodic total disability stemming from her physical and mental conditions.   Tr. 16-17, 307-11. The ALJ noted that plaintiff engaged in activities suggesting she was not disabled and in fact highly functional, including golfing, going for walks, and caring

11 - OPINION AND ORDER

for her daughter. Tr. 16-17, 307-11. Additionally, the ALJ pointed to plaintiff's testimony that caring for her daughter, in her own approximation, was roughly 50% responsible for her inability to consistently work. Tr. 16-17, 280-84, 307-11.

Further, even when a plaintiff's activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1225 (9th Cir. 2010). Moreover, a claimant's credibility can be undermined even if he or she suffers consequences of an illness, so long as the objective case record reflects the claimant's ability "to rally and improve [their] functioning." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009).

The ALJ's decision reflects this standard as his RFC finding acknowledged plaintiff could not engage in her past relevant work due to her impairments. Tr. 18.  However, the ALJ specifically identified the portions of the record that undermined plaintiff's claims of near total impairment on a day-to-day basis, and the record supports his finding. Tr. 16-17, 280-84, 307-11. Further, the ALJ considered the plaintiff's extensive medical history, which showed no IBS or asthma-related impairments or debilitations, and demonstrated the effectiveness of treatment and medication in dealing with her various conditions. Tr. 16.  The ALJ also found

that the medical record reflected far less severe symptoms and complications than those alleged by plaintiff. Tr. 16, 280-84, 331-49, 363-66.

I find that the ALJ presented clear and convincing reasons for rejecting plaintiff's testimony and that he supported these reasons with substantial evidence from the record. Accordingly, his decision to discredit plaintiff's testimony was proper.

### 3. Dr. Willey's Opinion

Plaintiff argues that the ALJ improperly rejected Dr. Arthur Willey's medical opinion. On January 21, 2009, Dr. Willey submitted a letter stating that plaintiff "continues to experience debilitating symptoms, frequently not being able to leave the house or tolerate demands that would be typical at any normal workplace." Tr. 356. The ALJ rejected this opinion as carrying "little weight" based upon Dr. Willey's conflicting treatment notes and observations in the record. Tr. 17.

An ALJ must give "clear and convincing reasons" for rejecting the opinion of a treating physician which is not expressly contradicted by another medical professional's opinion. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Further, the ALJ must support such reasons with "substantial evidence in the record." Morgan, 169 F.3d at 600 (quoting Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)). A substantial contradiction between a doctor's opinions and the information contained in the

13 - OPINION AND ORDER

same doctor's observations and notes constitutes a clear and convincing reason for rejecting a physician's medical opinion. Bayliss, 427 F.3d at 1216.

This was the ALJ's proffered reason for rejecting Dr. Willey's opinion concerning plaintiff's disability status. Tr. 16. In doing so, the ALJ highlighted the discrepancy between Dr. Willey's ultimate opinion regarding plaintiff's disability and the information contained in records of plaintiff's treatment visits with Dr. Willey. Id.

The record reflects only two interactions between Dr. Willey and plaintiff: one in 2006 and another in 2010. Tr. 337, 364-66. Neither of these records supports a finding of disability, as Dr. Willey made no notes or comments regarding the severity or worsening of plaintiff's condition. Tr. 337, 364-66. As these records constitute all the evidence of Dr. Willey treating plaintiff, I find that the ALJ did not commit error in rejecting Dr. Willey's conclusion that plaintiff is disabled.

## 4. Dr. Prescott's Opinion

Plaintiff claims the ALJ committed error by rejecting portions of the expert medical opinion of Dr. Alison Prescott, an examining psychologist. Dr. Prescott diagnosed plaintiff with recurrent Major Depressive Disorder, Panic Disorder, IBS, and asthma. Tr. 310. Dr. Prescott also wrote in her psychological evaluation that plaintiff was depressed and rarely left her house and also suffered from

14 - OPINION AND ORDER

severe mood swings and panic attacks. Tr. 309-10. The mental limitations reflected in Dr. Prescott's psychological analysis are largely based on plaintiff's own reports, which the ALJ found not credible. Tr. 16-17, 307-10.    Morgan, 169 F.3d at 602 (an ALJ may reject a physician's opinion that is based on a claimant's non-credible subjective complaints).

The only part of Dr. Prescott's analysis not contingent on plaintiff's subjective reports is the portion containing Dr. Prescott's diagnoses. Tr. 310. However, this section contains no statements or observations regarding the severity of plaintiff's mental limitations. Id. Accordingly, because the ALJ did not reject any part of this opinion and because the plaintiff identifies no portion of Dr. Prescott's report that is inconsistent with the ALJ's RFC finding, I find that the ALJ did not improperly reject Dr. Prescott's opinion.

5. Hypothetical Question to the Vocational Expert

Finally, plaintiff alleges the ALJ erred at step five of the sequential analysis by posing an invalid hypothetical question to Nancy Bloom, the vocational expert ("VE"). Plaintiff alleges the hypothetical question was premised on the ALJ's purportedly incorrect RFC finding. I find no error in the ALJ's hypothetical posed to the VE.

As previously discussed, plaintiff's objections to the ALJ's RFC finding are without merit. Here, plaintiff "simply restates her

15 - OPINION AND ORDER

argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts." <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1175-76 (9th Cir. 2008). When the improprieties supporting a plaintiff's claim of error at Step Five have already been resolved against the plaintiff, a court may reject the plaintiff's arguments on this point. <u>Id.</u> I find that the ALJ's RFC assessment was proper, and accordingly, I disagree with plaintiff's claim that the VE's testimony was incorrectly relied upon by the ALJ in formulating his RFC finding.

CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of May 2013.

Ann Aiken
United States District Judge